IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

   Plaintiff,       No. CIV S-09-1568 EFB P

 vs.

MATTHEW L. CATE, et al.

   Defendants.      <u>ORDER</u>

_____/

  Earl Warner, an inmate confined at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint concerns events alleged to have occurred while he was housed at Mule Creek State Prison ("MCSP"). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I. Request to Proceed In Forma Pauperis**

  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 8. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by an order filed August 6, 2010, the court directed the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth

in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the

2

party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim for the following reasons.

Plaintiff's novel-esque complaint alleges that he submitted several complaints about the conduct of correctional officers which he observed while employed as a clerk at the prison. Prison officials allegedly failed to properly process, investigate, and remedy the issues raised in the complaints. Further, in alleged retaliation for his filing of those complaints, plaintiff was placed in administrative segregation and then transferred from MCSP to SVSP, which caused him to lose his prison job as well as some property. Based on those allegations, plaintiff raises four claims of constitutional deprivation: (1) that he was retaliated against for exercising his right to submit staff complaints, in violation of the First Amendment; (2) that his transfer to SVSP and attendant job and property losses deprived him of due process guaranteed by the Fourteenth Amendment; (3) that prison officials' failure to properly address his staff complaints deprived him of due process guaranteed by the Fourteenth Amendment; and (4) that prison officials' failure to properly address the complaints deprived him of his First Amendment right of access to the courts.

While plaintiff's complaint contains much factual specificity, plaintiff fails to specify which defendants he believes are responsible for each constitutional deprivation claimed. *See* Compl. at 25 (alleging various constitutional violations but failing to specify which constitutional violations are claimed against which defendants). Plaintiff's factual allegations

3

appear adequate, for purposes of § 1915A screening, to state claims of retaliation and deprivation of access to the courts against some defendants. However, because the court cannot determine precisely *which* of the named defendants plaintiff believes retaliated against him or deprived him of access to the courts, the complaint fails to show the personal involvement of defendants in these specific alleged constitutional violations or a causal connection between their conduct and the alleged constitutional deprivations and further fails to give adequate notice each defendant of the claims made against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). To state a claim for relief under § 1983, plaintiff must specify which defendants he alleges are responsible for each claimed constitutional violation.

Further, plaintiff's complaint does not state cognizable claims against any named defendant for depriving him of due process, either by transferring him or failing to process his staff complaint properly.

Plaintiff's due process claim regarding the transfer is not cognizable, as inmates have no constitutional right to be incarcerated in a particular prison, and a transfer from one institution to another within the state's prison system does not implicate due process unless it imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (holding that assignment to Ohio's supermax facility imposed an atypical and significant hardship due to indefinite solitary-confinement-type conditions and disqualification from parole consideration); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose. That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules.").

////

4

Plaintiff's allegations regarding SVSP – that it has frequent lockdowns, houses more violent and disciplinary-action-prone inmates, and has more restrictive policies regarding access to the law library and recreation yard – do not show that being housed at SVSP imposes an atypical and significant hardship in relation to the ordinary incidents of prison life.

Plaintiff's due process claim regarding the loss of job attendant to the transfer is not cognizable, as the Due Process Clause of the Fourteenth Amendment does not create a liberty or property interest in prison employment. *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (per curiam); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1176-77 (S.D. Cal. 2009); *see Rizzo v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985) (holding that prisoners lack a property interest protected by due process in vocational training courses).

Plaintiff's due process claim regarding the loss of property attendant to the transfer is not cognizable, as the unauthorized deprivation of a California prisoner's property fails to state a claim under § 1983 because the state has provided an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). In fact, plaintiff concedes in his complaint that he was compensated for property lost at MCSP. To the extent plaintiff alleges that he lost additional property on his arrival at SVSP, plaintiff fails to allege how any of the named defendants were involved in such loss or whether the deprivation was authorized.

Plaintiff's claim that he was deprived of due process because defendants failed to properly address his staff complaints is not cognizable, as inmates lack a constitutional entitlement protected by the Due Process Clause to a specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Thus, to proceed plaintiff must file an amended complaint.

////

////

5

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are

satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The court emphasizes that the allegations in plaintiff's amended complaint must be short, plain, simple, direct, and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended

Complaint." Failure to comply with this order will result in this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 12, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE