IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

        Plaintiff,                       No. CIV S-09-1568 EFB P

        vs.

MATTHEW L. CATE, et al.

        Defendants.               ORDER

_____/

Earl Warner, an inmate confined at Salinas Valley State Prison ("SVSP"), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff's amended complaint concerns events alleged to have occurred while he was housed at Mule Creek State Prison ("MCSP"). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

////

The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno.

For the reasons stated below, the complaint does not state a cognizable claim against defendants Cate and Reyes. Claims against defendants Cate and Reyes will therefore be dismissed with leave to amend.

Plaintiff alleges that he sent various staff complaints to defendant Cate but that defendant Cate "declined to give assistance." Dckt. No. 16, Am. Compl. at 7, ¶ 30 & 12, ¶ 49. Based on those factual allegations, plaintiff contends that defendant Cate retaliated against him for filing the complaints by causing him to lose his job and property, receive a reduced custody score, be transferred to another prison, and be prevented from obtaining evidence to support a complaint filed with the United States Department of Justice. He further claims that defendant Cate deprived him of equal protection and his right of access to the courts by not processing the complaints.

Plaintiff alleges that defendant Reyes rejected and refused to consider his staff complaint against another defendant. Am. Compl. at 6-7, ¶¶ 27-28. Based on those factual allegations, plaintiff claims that defendant Reyes deprived him of equal protection and his right of access to the courts.

There are five elements to a First Amendment retaliation claim: (1) a state actor took some adverse action against a prisoner (2) because (3) the prisoner engaged in protected conduct; (4) resulting in the chilling of plaintiff's First Amendment rights or other more-than-minimal harm; and (5) the action did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 & n.11 (9th Cir. 2003); *see also Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff's amended complaint includes no facts that indicate that defendant Cate did not assist him with his staff complaints because plaintiff had engaged in protected conduct.

To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Plaintiff's amended complaint includes no facts that indicate that defendant Cate's failure to assist plaintiff with his staff complaints or defendant Reyes's refusal to consider plaintiff's staff complaint were inconsistent with those defendants' responses to similarly-situated individuals or was done with discriminatory intent based on plaintiff's membership in a protected class. To state a claim he was denied access to the courts, plaintiff must allege that the deprivation actually injured his litigation efforts. *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). The amended complaint includes no facts that indicate that defendant Cate's failure to assist plaintiff with his staff complaints or defendant Reyes's rejection of plaintiff's staff complaint injured plaintiff's litigation efforts.

Plaintiff may proceed forthwith to serve defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against defendants Cate and Reyes.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Cate and Reyes, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Cate and Reyes, without prejudice.

////

////

4

Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are

5

satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno.

Accordingly, the court hereby orders that:

1. Claims against defendants Cate and Reyes are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obligated to amend his complaint.

2. The allegations in the amended complaint are sufficient at least to state cognizable claims against defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno. *See*

28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the amended complaint filed October 18, 2010, seven USM-285 forms and instructions for service of process on defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and eight copies of the October 18, 2010 amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Machado, Knipp, Martel, Lucas, Vanderlip, DeBoard, and Bueno will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Cate and Reyes without prejudice.

       3. Failure to comply with this order will result in this action being dismissed.

Dated: November 16, 2010.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

    Plaintiff,                    No. CIV S-09-1568 EFB P

  vs.

MATTHEW L. CATE, et al.

    Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    In accordance with the court's order filed _____, plaintiff hereby elects to:

    (1) _____ consent to the dismissal of defendants Cate and Reyes without prejudice, and submits the following documents:

          __1__     completed summons form

          __7__     completed forms USM-285

          __8__     copies of the October 18, 2010 Amended Complaint

    **OR**

    (2) _____ delay serving any defendant and file a third amended complaint in an attempt to state cognizable claims against defendants Cate and Reyes.

Dated:

                                                                         Plaintiff