IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

    Plaintiff,                No. CIV S-09-1568 KJM EFB P

vs.

MATTHEW L. CATE, et al.,

    Defendants.          ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has requested that the court appoint counsel. Dckt. No. 31. Plaintiff states that he was transferred to Pleasant Valley State Prison earlier this year and that much of his property was left behind, including all of his "declarations," "evidentiary documents," and eyeglasses. *Id.* at 1. On January 20, 2011, plaintiff "suffered a nervous breakdown, resulting in a self-inflicted laceration, which required eighteen stitches." *Id.* Plaintiff was placed in a crisis bed at the Correctional Treatment Center and later transferred to the Departmental Mental Hospital, where he remains. *Id.* at 1-2. Plaintiff states that his access to the law library is very limited at the hospital, that he is not allowed to have an ink pen or glasses in his room, and that he is permitted to write only during group recreational programs. *Id.* at 2. Because plaintiff's current situation makes his litigation of this case difficult, plaintiff seeks appointment of counsel to litigate on his behalf.

1

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case, as plaintiff has demonstrated his ability to litigate effectively up to this point.

However, the alleged restrictions placed on plaintiff's ability to write and his access to his legal materials, eyeglasses, and the library may be the basis for a protective order limiting or lifting such restrictions. Accordingly, the court will construe plaintiff's motion as including a request for such a protective order and will order defendants to inquire into the status of plaintiff's access to his legal materials, eyeglasses, and the law library and any restrictions on plaintiff's ability to write and to show cause why a protective order should not issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 15, 2011, request for appointment of counsel is denied.

2. Within 45 days of the date of this order, defendants shall inquire into the status of any restrictions on plaintiff's access to his legal materials, eyeglasses, and the law library and any restrictions on plaintiff's ability to write and shall show cause why a protective order limiting or lifting such restrictions should not issue.

DATED: May 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE