IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

        Plaintiff,                      No. CIV S-09-1568 KJM EFB P

    vs.

MATTHEW L. CATE, et al.,

        Defendants.              <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In a motion for appointment of counsel denied by the court on May 17, 2011, plaintiff stated that he was transferred to Pleasant Valley State Prison earlier this year and that much of his property was left behind, including all of his "declarations," "evidentiary documents," and eyeglasses. Dckt. No. 31 at 1. On January 20, 2011, plaintiff "suffered a nervous breakdown, resulting in a self-inflicted laceration, which required eighteen stitches." *Id.* Plaintiff was placed in a crisis bed at the Correctional Treatment Center and later transferred to the Departmental Mental Hospital, where he remains. *Id.* at 1-2. Plaintiff claimed that his access to the law library was very limited at the hospital, that he was not allowed to have an ink pen or glasses in his room, and that he was permitted to write only during group recreational programs. *Id.* at 2.

Because the alleged restrictions placed on plaintiff's ability to write and his access to his legal materials, eyeglasses, and the library have required a protective order limiting or lifting such restrictions, the court construed plaintiff's motion as including a request for such a protective order and ordered defendants to inquire into the status of plaintiff's access to his legal materials, eyeglasses, and the law library and any restrictions on plaintiff's ability to write and to show cause why a protective order should not issue. Dckt. No. 39.

Defendants responded to the order on June 27, 2011, and plaintiff has not contested the response. Dckt. No. 41. A declaration by G. Thumser, Associate Warden at the California Medical Facility, where plaintiff currently resides, attests that plaintiff received five boxes of personal property, including three boxes of paperwork, on April 5, 2011. Dckt. No. 41-2 at ¶ 3. Plaintiff was observed wearing eyeglasses on June 22, 2011. *Id.* While plaintiff's access to the law library and a pen may have been restricted when he was at a higher level of care, he has been at a lower level of care since March 30, 2011. *Id.*, ¶ 4. At this lower level of care, plaintiff no longer needs permission from a clinician to go to the law library and may access library materials through a paging system. *Id.* His ability to write is similarly no longer restricted now that he is at a lower level of care. *Id.*. ¶ 6. Based on Thumser's declaration, it appears that, at least since April 5, 2011, plaintiff has had access to his legal materials, eyeglasses, and library materials, and has been permitted to write without restriction. Accordingly, the court will discharge the order to show cause.

Defendants have additionally filed a motion to compel plaintiff's discovery responses. Dckt. No. 42. According to defendants, plaintiff has not responded to their discovery requests and has refused to submit to a deposition. Plaintiff has filed no opposition to the motion or statement of no opposition.

In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(l). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding

party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, the court will order plaintiff to file either an opposition or a statement of no opposition to defendants' July 14, 2011 motion to compel. Failure to comply with this order will be deemed a waiver of opposition to the granting of the motion and may result in the imposition of sanctions, including a recommendation that this action be dismissed without prejudice for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued May 17, 2011 is discharged; and

2. Within 21 days of the date of this order, plaintiff shall file either an opposition to the motion to compel filed July 14, 2011 or a statement of no opposition.

DATED: September 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE