1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 EARL WARNER,

11             Plaintiff,                   No. CIV S-09-1568 KJM EFB P

12        vs.

13 MATTHEW L. CATE, et al.,

14             Defendants.         <u>ORDER</u>

15 _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17 U.S.C. § 1983. Currently before the court are defendants' motions to compel and modify the

18 scheduling order and plaintiff's motion for appointment of counsel. Dckt. Nos. 42, 45, 46. For

19 the reasons provided below, the court will deny the motion for counsel and grant the motions to

20 compel and modify the schedule.

21 **I.      Background**

22        In a motion for appointment of counsel denied by the court on May 17, 2011, plaintiff

23 stated that he was transferred to Pleasant Valley State Prison earlier this year and that much of

24 his property was left behind, including all of his "declarations," "evidentiary documents," and

25 eyeglasses. Dckt. No. 31 at 1. On January 20, 2011, plaintiff "suffered a nervous breakdown,

26 resulting in a self-inflicted laceration, which required eighteen stitches." *Id.* Plaintiff was placed

in a crisis bed at the Correctional Treatment Center and later transferred to the Departmental Mental Hospital, where he remains. *Id.* at 1-2. Plaintiff claimed that his access to the law library was very limited at the hospital, that he was not allowed to have an ink pen or glasses in his room, and that he was permitted to write only during group recreational programs. *Id.* at 2.

Because the alleged restrictions placed on plaintiff's ability to write and his access to his legal materials, eyeglasses, and the library could have formed the basis for a protective order limiting or lifting such restrictions, the court construed plaintiff's motion as including a request for such a protective order and ordered defendants to inquire into the status of plaintiff's access to his legal materials, eyeglasses, and the law library and any restrictions on plaintiff's ability to write and to show cause why a protective order should not issue. Dckt. No. 39.

Defendants responded to the order on June 27, 2011. Dckt. No. 41. A declaration by G. Thumser, Associate Warden at the California Medical Facility, where plaintiff currently resides, attested that plaintiff received five boxes of personal property, including three boxes of paperwork, on April 5, 2011. Dckt. No. 41-2 at ¶ 3. Plaintiff was observed wearing eyeglasses on June 22, 2011. *Id.* While plaintiff's access to the law library and a pen may have been restricted when he was at a higher level of care, he was placed in a lower level of care on March 30, 2011. *Id.*, ¶ 4. At this lower level of care, plaintiff no longer needed permission from a clinician to go to the law library and could access library materials through a paging system. *Id.* His ability to write was similarly no longer restricted at the lower level of care. *Id.*. ¶ 6. In sum, Thumser's declaration attested that, at least since April 5, 2011, plaintiff has had access to his legal materials, eyeglasses, and library materials, and has been permitted to write without restriction. Accordingly, the court discharged the order to show cause.

Defendants have now filed a motion to compel plaintiff's discovery responses, because plaintiff has not responded to their discovery requests and has refused to submit to a deposition. Dckt. No. 42. The court ordered plaintiff to file a response to the motion to compel, which plaintiff has now filed, along with a renewed request for counsel. Dckt. No. 46.

## II.    Motion for Counsel

In his combined renewed motion for counsel and opposition to the motion to compel, plaintiff declares that he receives "psychotropic medication daily for a 'Clinical Depression' condition," that he suffers undescribed side-effects from the medication and is feeling "stresses and strains associated with the demands of prosecuting this case," and that he lacks "the mental capacity to proceed in Pro. Per." Dckt. No. 46 at 2, 3, 4.[1] Plaintiff has submitted no evidence beyond his declaration corroborating these claims, describing the alleged side-effects of his medication, or otherwise showing why plaintiff's condition prevents him from effectively litigating his case without counsel. Indeed, plaintiff appears to believe that it is the court's obligation to seek out such evidence. *See id.* at 3 (arguing that it would be a miscarriage of justice and abuse of discretion for the court to grant defendants' motion to compel without obtaining evidence "either supporting or disaffirming plaintiff's contentions of record.")

The court notes that plaintiff's communications with the court and opposing counsel (*see* Exhibits G, I, L, and O to the declaration of Matthew Ross Wilson submitted in support of defendants' motion to compel, Dckt. No. 42) since the change in his mental health status and transfer have been lucid and organized. When seeking relief from the court, it is plaintiff's obligation – not the court's – to provide evidence supporting his claims. Plaintiff has failed to describe how his mental condition prevents him from litigating his case and has provided no evidence, such as a declaration from a treating mental health professional, corroborating this claim. As stated in the order of May 17, 2011 denying appointment of counsel, plaintiff has given the court no reason to believe that his case presents the type of exceptional circumstances that would justify appointment of counsel. Accordingly, the renewed request for counsel will be denied. If plaintiff believes he cannot prosecute the case at this time, he may seek a stay of proceedings or a dismissal without prejudice by appropriate motion.

---

[1]Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

## III. Motion to Compel

On March 29, 2011, some defendants timely served plaintiff with requests for production of documents (RFPs). Dckt. No. 42, Wilson Decl., Exs. A-F. Plaintiff sought an extension of time from defendants to respond due to his transfer, mental health status, and inability to access his legal documents. *Id.*, Ex. G. Defendants extended plaintiff's deadline until May 27, 2011, but plaintiff again failed to provide responses, stating that his mental health status, treatment, and placement interfered with his ability to respond. *Id.*, Exs. H, I.

Another defendant propounded a set of RFPs on plaintiff on May 3, 2011. *Id.*, Ex. J. On June 24, 2011, defendants noticed plaintiff's deposition. *Id.*, Ex. N. Defense counsel continued to communicate with plaintiff regarding his obligation to respond to the RFPs and submit to deposition. *Id.*, Exs. K, L, M. Plaintiff never provided responses to the RFPs and informed defense counsel that he did not intend to submit to deposition until he had been appointed counsel by the court. *Id.*, Ex. O. Defense counsel nevertheless attempted to depose plaintiff at the California Medical Facility on July 12, 2011. *Id.* at ¶ 21. Plaintiff refused to be deposed. *Id.* at ¶¶ 22-25.

In his opposition, plaintiff vaguely implies that he continues to lack adequate access to the law library. Dckt. No. 46 at 2. However, the documents appended to plaintiff's opposition indicate that plaintiff has access to a paging system for obtaining library materials and having copies made. *Id.* at 6. In addition, plaintiff states that, even if he had adequate access, he would not be able to respond to discovery, due to the undescribed side-effects of his medication and the "stresses and strains associated with the demands of prosecuting this case." *Id.* at 3. As discussed above, plaintiff has provided the court with insufficient information and evidence from which the court may conclude that plaintiff's current condition and/or placement are such that he cannot respond to discovery or otherwise participate in this litigation. Having initiated this action, plaintiff is obligated to litigate it, dismiss it, or seek a stay by appropriate motion.

////

Accordingly, defendants' motion to compel will be granted, and plaintiff shall have 30 days from service of this order to provide responses to the RFPs propounded by defendants Machado, Knipp, Martell, Lucas, Vanderlip, and Deboard on March 29, 2011 and the RFPs propounded by defendant Bueno on May 3, 2011. In addition, plaintiff shall submit to deposition by defendants in accordance with Federal Rule of Civil Procedure 30.

Defendants seek attorney fees for bringing the motion to compel. Due to plaintiff's in forma pauperis status, the court declines to issue an award of monetary sanctions at this time. However, should plaintiff continue to refuse to participate in the discovery process, defendants may seek terminating sanctions against him. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056-57 (9th Cir. 1998); *Henry v. Gill Indus.*, 983 F.2d 943, 946, 948 (9th Cir. 1993). Plaintiff is hereby admonished that failure to comply with this order may result in the imposition of terminating sanctions dismissing this case.

## IV.     Motion to Modify the Scheduling Order

Under the current discovery and scheduling order, dispositive motions were due by October 7, 2011. Dckt. No. 34. Due to plaintiff's refusal to participate in discovery and the need for defendants to file a motion to compel, along with other commitments of defense counsel, defendants seek extension of that deadline to 90 days from the date of this order. Good cause appearing, defendants' motion to modify the schedule will be granted, and defendants may file dispositive motions within 90 days of this order. *See* Fed. R. Civ. P. 16(b).

## V.     Order

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's September 30, 2011, request for appointment of counsel (Docket No. 46) is denied.

2. Defendants' July 14, 2011 motion to compel (Docket No. 42) is granted in part, and plaintiff shall provide discovery responses and submit to deposition as stated in this order. Defendants' request for monetary sanctions is denied.

3.  Defendants' September 12, 2011 motion to modify the scheduling order (Docket No. 44) is granted, and defendants shall have 90 days from the date of this order to file dispositive motions.

DATED:  November 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE