IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

    Plaintiff,  No. CIV S-09-1568 KJM EFB P

    vs.

MATTHEW L. CATE, et al.,

    Defendants.  ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He requests that the court appoint counsel. He also requests an extension of time to supplement his request for counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court finds there are no exceptional circumstances in this case.

1

| | |
|---|---|
| 1 | In his request for an extension of time, plaintiff states he has received some, but not all, |
| 2 | of his medical records and needs time to sort through the "enormous volume of documents." |
| 3 | Dckt. No. 52 at 2. He requests additional time to obtain the rest of his medical records, to |
| 4 | supplement his request for counsel, and to file dispositive motions and "motions for some form |
| 5 | of discovery." *Id.* He also claims to have been prejudiced by the court's order compelling him |
| 6 | to cooperate with defendants' discovery requests. *Id.* at 2-3. |
| 7 | The March 22, 2011 discovery and scheduling order stated that the parties could conduct |
| 8 | discovery until July 15, 2011, and that the deadline for filing dispositive motions was October 7, |
| 9 | 2011. Dckt. No. 34. Thus, plaintiff appears to be requesting modification of the scheduling |
| 10 | order. Defendants oppose that request and argue they would be prejudiced by modification of |
| 11 | the scheduling order. Dckt. No. 53. |
| 12 | A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. |
| 13 | 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline |
| 14 | despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th |
| 15 | Cir. 1992). Plaintiff has not demonstrated that despite his diligence, he could not meet the |
| 16 | deadlines for discovery or for filing dispositive motions. And as the court previously noted, |
| 17 | plaintiff appeared to have had access to his legal materials, eyeglasses, and library materials, as |
| 18 | well as the ability to write without restriction, during the time within which he should have been |
| 19 | serving discovery requests and preparing a dispositive motion. Dckt. No. 45, 48. Moreover, a |
| 20 | party's failure to meaningfully participate in discovery and comply with discover rules is |
| 21 | grounds for sanctions. Fed. R. Civ. P. 37. That plaintiff was required to fulfill his obligation to |
| 22 | respond to defendants' discovery requests was not prejudicial. Accordingly, plaintiff's request |
| 23 | for an extension of time, or to modify the scheduling order, is denied. |
| 24 | //// |
| 25 | //// |
| 26 | //// |

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 9, 2012, request for appointment of counsel and his February 16, 2012 request for an extension of time, are denied.

DATED: March 5, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE