IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

      Plaintiff,                      No. CIV S-09-1568 KJM EFB P

    vs.

MATTHEW L. CATE, et al.,

      Defendants.              <u>ORDER</u>

/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In a motion filed February 27, 2012, he states he will be transferred to R.J. Donovan Correctional Facility and requests a court order directing the California Medical Facility to forward all of his legal and personal property to R.J. Donovan within 48-hours of his arrival.  Dckt. No. 55.  Plaintiff states he needs his property in order to timely supplement his motion for counsel, to obtain discovery, and to file dispositive motions.  On March 6, 2012, the court denied plaintiff's request for counsel.  Dckt. No. 56.  Plaintiff is currently under no court-imposed deadline to either supplement or file a new motion for appointment of counsel.  On March 6, 2012, the court also informed plaintiff that the deadlines for filing discovery and dispositive motions have passed, and that he has not demonstrated that good cause exists to modify those deadlines.  *Id.*  Therefore, plaintiff's motion requesting the prompt delivery of his property appears to be unnecessary.

1    The court notes that defendants moved for summary judgment on February 21, 2012.
2 Dckt. No. 53.  On January 4, 2011, the court advised plaintiff of the requirements for filing an
3 opposition to the motion, that failure to oppose such a motion may be deemed a waiver of
4 opposition to the motion, and that failure to comply with the Local Rules may result in a
5 recommendation of dismissal.  Dckt. No. 24.  Should any delay in receiving his property
6 interfere with his ability to timely respond to defendants' motion for summary judgment,
7 plaintiff may request an extension of time to respond, explaining why he has been unable to
8 complete his response in the time allowed.  If plaintiff seeks additional time on the grounds he
9 did not have adequate access to his property, he must indicate why he is unable to complete the
10 opposition without that property, what specific requests for he has made for greater access to his
11 property, and how prison officials have responded to those requests.
12    Accordingly, IT IS HEREBY ORDERED that plaintiff's February 27, 2012 motion for
13 the delivery of his property (Dckt. No. 55) is denied.
14 DATED:  March 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE