IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL WARNER,

      Plaintiff,                        No. CIV S-09-1568 KJM EFB P

     vs.

MATTHEW L. CATE, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On February 21, 2012, defendants filed a motion for summary judgment. Dckt. No. 53. Plaintiff has not yet filed a response to defendants' motion. Instead, plaintiff has filed a motion for a protective order, requesting that the court order defendants to provide him with his legal materials. Dckt. No. 59. He states he is limited to seven sheets of paper and does not have copies of the complaint filed in this action, defendants' summary judgment motion, or defendants' discovery requests. *Id.*

      The court has previously informed plaintiff that if he required an extension of time to respond to defendants' motion because of inadequate access to his property, he must inform the court why he is unable to complete the response without that property, what specific requests he has made for greater access to his property, and how prison officials have responded to those

1 requests. Dckt. No. 57. With his motion, plaintiff submits over 140 pages of copies, apparently in an attempt to prove his efforts in this regard. Dckt. No. 59. The length of this filing alone undercuts plaintiff's claimed lack of access to more than seven sheets of paper. Moreover, some of the exhibits filed with the motion suggest that plaintiff's requests for greater access to his legal materials have been denied because plaintiff has failed to properly make those requests in accordance with prison policies and procedures. *See id.* at 27, 28 (denying plaintiff's request for access to legal materials because plaintiff must be more specific as to which materials he needs from his six boxes; denying plaintiff's request for envelopes as premature until plaintiff drafts a document for mailing). Thus, if plaintiff requires his complaint, for example, to complete his response to defendants' summary judgment motion, he must comply with prison policy and specifically request a copy of the complaint filed in this action, or other specific documents that have been filed in this action.

Plaintiff has not shown good cause for a protective order. *See* Fed. R. Civ. P. 26(c). However, the court will grant plaintiff an extension of time to respond to defendants' motion. The court will also direct the Clerk to mail plaintiff a copy of the docket sheet, to assist him in properly requesting from prison official specific documents contained within his legal materials.

Accordingly, IT IS HEREBY ORDERED that plaintiff's May 3, 2012 request for a protective order, Dckt. No. 59, is denied. Plaintiff must file an opposition to defendants' motion for summary judgment no later than 30 days from the date of this order. Absent good cause, the court does not intend to grant additional extensions of time. As a one time courtesy, the Clerk is directed to mail to plaintiff a copy of the docket sheet in this action.

DATED: May 15, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE